# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND KING, :
:
    Petitioner :
: CIVIL NO. 3:CV-09-0710
v. :
: (Judge Caputo)
RICARDO MARTINEZ, WARDEN, :
:
    Respondent :

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Raymond King, an inmate at USP-Allenwood, White Deer, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ricardo Martinez, the Warden of USP-Allenwood, is the respondent. In his petition, Mr. King argues that the Bureau of Prison's (BOP) practice of sanctioning inmates who refuse to participate in the BOP's Inmate Financial Responsibility Program (IFRP) is improper. Mr. King also contends the BOP lacks authority to establish a specific payment schedule to pursuant to the Mandatory Victims Restitution Act (MVRA)[1] as the sentencing court is exclusively vested with that responsibiity. (Doc. 1, Pet.) Mr.

---

[1] The MVRA requires "district courts to order restitution for certain crimes . . ." *United States v. Corley*, 500 F.3d 210. 224 (3d Cir. 2007). "[T]he sentencing court cannot delegate the scheduling of restitution payments to . . . the BOP because the fixing of restitution payments is an exclusively judicial act." *Costigan v. Yost*, 2008 WL 5062365, *1 (3d Cir. 2008), citing *United States v. Coates*, 178 F.3d 681, 685 (3d cir. 1999)(under MVRA, the sentencing court cannot delegate to the BOP the authority to set the schedule of restitution payments since this constituted a judicial act).

King seeks relief from the BOP's requirement of IFRP participation without suffering negative repercussions.[2]

On June 26, 2009, the Respondent filed a response arguing that Mr. King's petition should be dismissed as improperly filed under section § 2241, or alternatively, because the Third Circuit Court of Appeals has already approved the constitutionality of the IFRP. (Doc. 7, Response.)

The Court disagrees with Respondent's position that we do not have authority to consider Mr. King's petition under section 2241, and with the characterization of the claim presented. Respondent, therefore, will be required to submit a supplemental response addressing the merits of Mr. King's claim - - whether the sentencing court committed an error by delegating to the BOP the amount and/or schedule of restitution payments he must make while incarcerated.

First, Mr. King is not simply challenging the constitutionality of the IFRP. A fair reading of this pro se petition suggests that Mr. King claims the BOP has usurped the role of the sentencing court by establishing its own MVRA restitution payment schedule in place of that set forth, or failed to be specified, by the sentencing court. Mr. King's request for relief specifically challenges the BOP's authority to establish a payment schedule for his MVRA obligations. "As relief, [Mr. King] requests that the BOP remove all imposed fees and collections against him as well as issue a 'legal permanent bar' to prohibit the BOP from collecting payments or

---

[2] Although Mr. King has submitted a "brief" in support of his habeas petition, neither the petition or supporting brief contains specific information as to Mr. King's sentence or his court-imposed order or restitution.

imposing sanctions in the future." (Doc. 7, at R. 2.)[3]  Clearly, the scope of the Petition is broader than Respondent suggests.

Next, the Court does not agree that Mr. King's claim challenging the BOP's administration of its IFRP as related to his court imposed restitution obligations is not cognizable in a habeas action pursuant to 28 U.S.C. § 2241.  (*Id*. at R. 3.)  In *Pinet v. J. Grondolosky*, No. 09-1491, 2009 WL 2942699 (3d Cir. September 15, 2009), the Third Circuit Court of Appeals, in reviewing the disposition of a case very similar to Mr. King's, stated the following:

> [B]ecause Pinet challenges the execution of his sentence
> by claiming that the BOP acted unlawfully in establishing
> a payment schedule regarding the imposed fine, the
> claim falls squarely within the purview of a section 2241
> petition.  *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d
> Cir. 2001).

As such, it is clearly established that the type of claim presented by Mr. King, namely whether or not the BOP has the authority to set the terms of his restitution while incarcerated is a cognizable claim pursuable via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Having concluded that this Court may consider Mr. King's § 2241 petition, we will allow the parties additional time to brief the merits of the claim.

**AND NOW**, this __12th__ day of **January, 2010**, it is ordered that:

1. Respondent shall file a brief in response to the merits of Mr. King's § 2241 petition within fifteen (15) days of the date of this Order.

---

[3] "R." or "RR." references are to the CM/ECF pagination of the document cited.

2. Any such response shall include a copy of Mr. King's sentencing order with respect to restitution, fines, and/or special assessments;

3. Mr. King may file a reply brief to Respondent's brief within fourteen (14) days of the date of the Respondent's filing.

                                        **/s/ A. Richard Caputo**
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**