# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND KING, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-09-0710 |
| v. : | |
| : | (Judge Caputo) |
| RICARDO MARTINEZ, WARDEN, : | |
| : | |
| Respondent : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Raymond King, an inmate formerly housed at USP-Allenwood, White Deer, Pennsylvania, has filed the above captioned *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ricardo Martinez, the Warden of USP-Allenwood, is the respondent. In his petition, Mr. King argues that the Bureau of Prison's (BOP) practice of sanctioning inmates who refuse to participate in the BOP's Inmate Financial Responsibility Program (IFRP) is improper. Mr. King also contends the BOP lacks authority to establish a specific payment schedule to pursuant to the Mandatory Victims Restitution Act (MVRA)[1] as the sentencing court is exclusively

---

[1] The MVRA requires "district courts to order restitution for certain crimes . . ." *United States v. Corley*, 500 F.3d 210. 224 (3d Cir. 2007). "[T]he sentencing court cannot delegate the scheduling of restitution payments to . . . the BOP because the fixing of restitution payments is an exclusively judicial act." *Costigan v. Yost*, 2008 WL 5062365, *1 (3d Cir. 2008), citing *United States v. Coates*, 178 F.3d 681, 685 (3d cir. 1999)(under MVRA, the sentencing court cannot delegate to the BOP the authority to set the schedule of restitution payments since this constituted a judicial act).

-1-

vested with that responsibility. (Doc. 1, Pet.) After rejecting the Respondent's initial response that Mr. King's claims were improperly raised via a habeas corpus petition, the Court issued a January 12, 2010, Order requiring Respondent to respond to the merit's of the Petition. (Doc. 8, Order.) A response was filed on January 25, 2010, suggesting the Petition is now moot based on Mr. King's December 24, 20009, release from BOP custody. (Doc. 9, Supplemental Resp.) A review of the BOP's Inmate Locator database confirms that Mr. King was released from BOP custody on December 24, 2009. *See* www.bop.gov. For the reasons set forth below, the § 2241 petition will be dismissed as moot.

Because Mr. King challenged the execution of his sentence by claiming that the BOP acted unlawfully in establishing a payment schedule regarding the imposed fine, his challenge was appropriate for federal habeas corpus review at the time this action was filed. *See Pinet v. J. Grondolosky*, No. 09-1491, 2009 WL 2942699 (3d Cir. September 15, 2009)(citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)). However, once a habeas corpus petitioner is released from custody, a District Court's authority to adjudicate the controversy is called into doubt. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); *Scott v Schuylkill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future

collateral consequences. *Lane,supra* ; *Carafas v. Lavalle*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast, when a challenge to the execution of a sentence that has already been served is at issue, collateral consequences will not be presumed. *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986. *See also Burkey* , 556 F.3d at 148-49 (in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as collateral consequences, must exist for the action to continue.") Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).

In the instant case, the Petitioner does not challenge the validity of his underlying conviction or sentence, only the execution of his sentence. Because Mr. King has been released from federal custody, he is no longer participating in the IFRP program. Thus, it appears that even if he were to prevail on the merits in this case, the only remedy available would be to have the BOP stop collecting funds from his prison account. As Mr. King is no longer in custody, and the BOP is therefore no longer attempting to collect money from him through the IFRP, there is

no legal injury for this court to redress. Accordingly, the instant Petition must be dismissed for lack of case or controversy.

**ACCORDINGLY, THIS 26th DAY OF JANUARY, 2010, IT IS HEREBY ORDERED THAT:**

> 1. The petition for writ of habeas corpus (Doc. 1) is dismissed as moot.
>
> 2. The Clerk of Court is directed to close this file.

        /s/ A. Richard Caputo
        **A. RICHARD CAPUTO**
        **United States District Judge**